DOUGLAS *v.* MILBRAND.

1. CONTRACTS—BUILDING CONSTRUCTION—PERFORMANCE—EVIDENCE.
    Under a construction contract providing that plaintiff's work was to be done in a good, sufficient, and workmanlike manner and to the entire satisfaction of the defendant owner and his architect, plaintiff who sought to recover balance alleged to be due under the contract must show performance of the work in a good, sufficient, and workmanlike manner and it was then left to defendant to make a countershowing of nonperformance; evidence adduced supporting recovery by plaintiff.

2. Same—Building Construction—Extras—Plans—Performance.
    Where plans upon which plaintiff based his bid for lathing and
    plastering a bowling alley building did not provide for certain
    work called for by plans used by defendant who supervised
    construction and such work was performed by plaintiff, allow-
    ance for such work as an extra in excess of the contract price
    was proper since it had never become a part of the contract.

Appeal from Wayne; Murphy (George B.), J. Submitted January 5, 1944. (Docket No. 22, Calendar No. 42,487.) Decided February 24, 1944.

Assumpsit by Daniel Douglas against Otto Milbrand for money due under a building contract. Setoff and recoupment by defendant against plaintiff for failure to perform in workmanlike manner. Judgment for plaintiff. Defendant appeals. Affirmed.

*McDonnell & McDonnell* and *Joseph W. McDonnell,* for plaintiff.

*Samuel W. Barr* (*Samuel H. Rubin,* of counsel), for defendant.

Wiest, J. Plaintiff entered into a written contract to lath and plaster defendant's bowling alley building "according to the plans, drawings, details and specifications made or to be made by Robert J. West architect, the work to be done in a good, sufficient, and workmanlike manner, and to the entire satisfaction of the said Otto Milbrand and architect, for the sum of $7,500." Plaintiff brought this action to recover the claimed balance due under the contract and the sum of $852 for extras and, upon trial without a jury, had judgment for $3,031.35. Defendant reviews by appeal.

Upon joinder of issues for trial defendant invoked the contract provisions and alleged the work was not done in a good, sufficient and workmanlike manner, to his satisfaction, but was poorly done and denied the claimed extra work and pleaded setoff and recoupment.

Upon review defendant contends that under the record plaintiff did not perform the contract to his entire satisfaction as provided therein; that while the burden was on plaintiff to show defendant's expressed dissatisfaction was asserted in bad faith the record shows his good faith based upon adequate grounds and also that the proofs did not sustain the judgment for extras.

The provision in the written contract requiring 'the work to be done in a good, sufficient, and workmanlike manner, to the entire satisfaction of Otto Milbrand and architect,'' sensibly construed, required plaintiff, in order to recover the agreed contract amount, to show full performance of the work in ''a good, sufficient, and workmanlike manner'' and left defendant to make a countershowing of claimed nonperformance.

Plaintiff claimed plans were furnished upon which he based his bid for performance of the contract for work to be done but during the course of the work he performed in accordance with plans held by defendant, who supervised the construction; that under such plans he performed work not included in the plans upon which he made his bid and such extra work amounted to the sum of $852, as awarded by the court, in excess of the contract price.

Whether the work was done by plaintiff in accordance with the contract was a disputed question of fact. We cannot find the judgment is against the great weight of the evidence. The plans used on the

job covered work now claimed by plaintiff as an extra and for which the trial court made an award of $852. The plans upon which plaintiff made his bid did not provide for such extra work but the plans used on the job did so provide and the work was so performed.

Plaintiff claimed that during the course of the work his copy of the plans could not be located but after the work was completed he found the same at his home and learned the plans he had and upon which he bid did not cover the now claimed extra work.

The plans were prepared by an architect and a change therein made covered the now claimed extras but the copy of the plans furnished plaintiff by the architect did not carry the change.

The plans furnished plaintiff by the architect and upon which his bid was to be figured and the contract for performance of the work based did not contain any detail or information of the extra work actually performed. The extra work was omitted from the information furnished plaintiff, upon which he based his bid, and therefore never became a part of the contract. See *Nimke* v. *Seeley*, 269 Mich. 208.

The court was not in error in allowing recovery. We find no reversible error and the judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.